# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

| | |
|---|---|
| JAMES W. EDWARDS, JR., <br><br> Plaintiff <br> v. <br><br> OCWEN LOAN SERVICING, LLC, <br><br> Defendant. | **Case No. 3:13-cv-1375-J-39MCR** <br><br> **SECOND AMENDED COMPLAINT** <br><br> **INJUNCTIVE RELIEF SOUGHT** |

## PARTIES, JURISDICTION, & VENUE

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

2. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*; the Florida Consumer Collection Practices Act, §§ 559.55-559.785, Fla. Stat.; and breach of contract.

3. Venue is proper in the Middle District of Florida because the acts and transactions—or the effects of which—occurred here, Plaintiff resides here, and Defendant transacts business here.

4. Plaintiff James W. Edwards, Jr., is a natural person who resides in the City of Jacksonville, County of Duval, State of Florida, and is a person with standing to bring a claim under the Fair Debt Collection Practices Act ("FDCPA") and the Florida Consumer Collections Practices Act ("FCCPA") by virtue of being directly affected by a violation of these Acts, as described herein.

5. Defendant Ocwen Loan Servicing, LLC (hereinafter "Ocwen") is a Delaware limited liability company, registered and conducting business in Florida; and maintained agents for its customary transaction of business.

**FACTUAL ALLEGATIONS**

6. On March 18, 2008, Deutsche Bank National Trust Company, as Trustee, in Trust for the Registered Holders of Ameriquest Mortgage Securities Inc., Asset-Backed Pass-Through Certificates, Series 2004-R8 ("Deutsche Bank"), filed a foreclosure complaint against Plaintiff, in the Circuit Court of the Fourth Judicial Circuit of Florida regarding the Note and Mortgage ("Loan Documents" or "Subject Loan") for Plaintiffs property located in Jacksonville, Florida ("Foreclosure Action"). The Loan Documents are attached as "Exhibit A."

7. Deutsche Bank alleged in the Foreclosure Action that Plaintiff defaulted on the Loan Documents on August 1, 2007.

8. Plaintiff did in fact default on the Subject Loan on August 1, 2007—due to financial hardship—and did not become contractually current until May 14, 2013.

9. During this time of default, default servicing of the Subject Loan transferred from Homeward Residential, Inc. to Ocwen.

10. Therefore, default servicing of the Subject Loan was transferred to Ocwen while the Subject Loan was in default.

11. Ocwen is not the originator or lender of the Subject Loan.

12. On or about May 14, 2013, Plaintiffs and Defendant entered into a modification agreement ("Modification Agreement"), attached as "Exhibit B."

13. The Modification Agreement provides that Plaintiff's regular monthly payment was to be $433.86.

14. At the time Plaintiff filed his initial Complaint, he did not receive periodic statements for the Subject Loan, and Plaintiff regularly called Ocwen's telephone payment number to receive his payment amount.

15. The amount Ocwen provided to Plaintiff was consistently over $500.00 and varied from time to time.

16. Thus, Ocwen was charging Plaintiff for un-owed money, over and above that agreed to between the Parties.

17. Plaintiff has since started receiving statements, and the statements continue to have improper and unjustified amounts.  For example, Plaintiff's monthly mortgage statement dated January 17, 2014 has a "Past Due Payment(s) Amount" of $606.25 ("Sample Statement" attached as "Exhibit C").  This statement is false—Plaintiff was not past due.

18. All conditions precedent to bringing this action have satisfied, including but not limited to any pre-suit notice requirement required by Section 20 of the Mortgage, as Plaintiff sent a letter to Defendant requesting that Defendant cure the problems raised in this Second Amended Complaint ("QWR Letter").[1]  Plaintiff mailed the QWR letter on August 23, 2013, and Defendant received the same on August 26, 2013.

## CAUSES OF ACTION

### COUNT I:  VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT—15 U.S.C. § 1692 *et seq.*

19. Plaintiffs re-allege Paragraphs 1-18 here.

20. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) and is a person with standing to bring a claim under the FDCPA by virtue of being directly affected by a violation of the Act, as described herein.

---

[1] Plaintiff's position is that Section 20 of the Mortgage is not a condition precedent.  However, Defendant appears to consider it a condition precedent in its Motion to Dismiss Plaintiff's Amended Complaint.  In any event, Section 20 of the Mortgage has been satisfied.

21. Defendant is a "debt collector," as the term is used and interpreted under 15 U.S.C. § 1692(a)(6), to wit Defendant became default servicer of the debt while it was in default. See, e.g., Scholosser v. Fairbanks Capital Corp., 323 F.3d 534, 536 (7th Cir. 2003) ("[T]he Act treats assignees as debt collectors if the debt sought to be collected was in default when acquired by the assignee . . .").

22. Defendant is a "debt collector" as Ocwen uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, and Ocwen regularly collects and attempts to collect debts owed or asserted to be owed or due to another, in that Ocwen regularly attempts to collect money on defaulted mortgage loans for other organizations by way of letters in the mail. 15 U.S.C. § 1692(a)(6).

23. The debt that Defendant is attempting to collect is a "debt" within the meaning of section 15 U.S.C. § 1692a(5), as the Loan Documents and Modification Agreement on which Defendant is attempting to collect money by way of monthly statements address an alleged or actual obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which were the subject of the transaction were primarily for personal, family, or household purposes.

24. All conditions precedent have been satisfied.

25. Defendant's over-charging on the Subject Loan violates § 1692e by using false, deceptive, or misleading representations or means in connection with collection of the debt when Ocwen consistently charges Plaintiff various amounts over $500.00 for Plaintiff's monthly mortgage payments, when the Parties agreed to $433.86 per month.

26. Defendant's over-charging on the Subject Loan violates § 1692e(2) by falsely misrepresenting the character, amount, or legal status of the debt when Ocwen consistently charges

Plaintiff various amounts over $500.00 for Plaintiff's monthly mortgage payments, when the Parties agreed to $433.86 per month. Likewise, as illustrated by the Sample Statement, Defendant charges Plaintiff for un-owed past due amounts.

27. Defendant's over-charging on the Subject Loan violates § 1692f by using unfair or unconscionable means to collect or attempt to collect the alleged debt when Ocwen consistently charges Plaintiff various amounts over $500.00 for Plaintiff's monthly mortgage payments, when the Parties agreed to $433.86 per month. Likewise, as illustrated by the Sample Statement, Defendant charges Plaintiff for un-owed past due amounts.

28. Defendant's over-charging on the Subject Loan violates § 1692f(1) by attempting to collect an amount not authorized by the agreement creating the debt when Ocwen consistently charges Plaintiff various amounts over $500.00 for Plaintiff's monthly mortgage payments, when the Parties agreed to $433.86 per month. Likewise, as illustrated by the Sample Statement, Defendant charges Plaintiff for un-owed past due amounts.

29. As a proximate result of Defendant's actions, Plaintiff has been in fear of wrongfully losing his property, and has had to undergo a series of frustrating phone calls that do not result in resolution of the problem.

### COUNT II:  VIOLATIONS OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT—§§ 559.55-.785, FLA. STAT ("FCCPA")

30. Plaintiff re-alleges Paragraphs 1-18 here.

31. At all times material, pursuant to section 559.55(2), Florida Statutes, Plaintiff was a "consumer," as Plaintiff was a natural person actually or allegedly obligated to pay a debt as per the Loan Documents and Modification Agreement.

32. The mortgage and note on which Defendant attempted to collect money was a "consumer debt" within the meaning of section 559.55(1), as the Loan Documents and Modification

Agreement address an actual or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which were the subject of the transaction were primarily for personal, family, or household purposes.

33. All conditions precedent have been satisfied.

34. Defendant's over-charging on the Subject Loan violates section 559.72(9) by attempting to enforce a debt when Ocwen knew the debt was not legitimate and asserting the existence of a right that Ocwen knew did not exist when Ocwen consistently charges Plaintiff various amounts over $500.00 for Plaintiff's monthly mortgage payments, when the Parties agreed to $433.86 per month. Likewise, as illustrated by the Sample Statement, Defendant charges Plaintiff for un-owed past due amounts.

35. Defendant knew the right to collect various payments over $500.00 was impermissible by way of it being a party to loan documents, and by receiving calls from Plaintiff regarding the same.

36. As a proximate result of Defendant's actions, Plaintiff has been in fear of wrongfully losing his property, and has had to undergo a series of frustrating phone calls that do not result in resolution of the problem.

### COUNT III: BREACH OF CONTRACT

37. Plaintiff re-alleges Paragraphs 1-18 here.

38. Plaintiff performed all conditions, covenants, and promises required to be performed by the Loan Documents and the Modification Agreement.

39. The Loan Documents (attached as composite "Exhibit A") and Modification Agreement (attached as "Exhibit B") constitute a valid and enforceable contracts.

40. Defendant breached the Loan Documents and Modification Agreement by over-charging on the Subject Loan when Ocwen consistently charges Plaintiff various amounts over

$500.00 for Plaintiff's monthly mortgage payments, when the Parties agreed to $433.86 per month. Defendant has been charging Plaintiff for amounts not authorized by the Modification Agreement or the Loan Documents.

41. As a proximate result of Defendant's actions, Plaintiff has been in fear of wrongfully losing his property, and has had to undergo a series of frustrating phone calls that do not result in resolution of the problem.

42. Plaintiff has been damaged by paying the amounts over and above the amount agreed upon by the parties.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that:

a) judgment be entered against Defendant for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A), and an award of actual damages, and for an award of litigation costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3); and

b) judgment be entered against Defendant for an award of statutory damages of $1,000.00 pursuant to Florida Statutes § 559.77(2) for each incident; for an award of actual damages, and for an award of litigation costs and reasonable attorney's fees for each Plaintiff; injunctive relief in the form of Ocwen being ordered to refrain from charging Plaintiff amounts over and above that agreed to by the Parties; declaratory relief in the form of the Court declaring Ocwen's action a default of the agreement between the Parties; and any and all other relief to which Plaintiff is entitled.

c) judgment be entered against Defendant for an award of actual damages, injunctive and declaratory relief relating to Defendant's obligations under the Loan Documents and Modification Agreement; and all other relief to which Plaintiff is entitled.

Respectfully submitted,

**PARKER & DUFRESNE, P.A.**

/s/ Austin Brown

Austin Brown, Esq.
Florida Bar No. 96633
Parker & DuFresne, P.A.
8777 San Jose Blvd., Ste. 301
Jacksonville, Florida 32217
Telephone: (904) 733-7766
Facsimile: (904) 733-2919
abrown@jaxlawcenter.com

**Trial Counsel for Plaintiff**